## Commonwealth ex rel. Hawes v. Hawes

*William E. Pfadt*, for petitioner.

EVANS, P. J., March 19, 1953.—This matter is before us for further consideration in a habeas corpus proceeding. The controversy at this time is specifically with respect to the right of temporary custody claimed by Esther Hawes, mother of a minor, Judy Hawes, now six years of age, who lives with and is being supported by her paternal grandparents, Mr. and Mrs. Guy E. Hunt.

The mother does not seek sole custody at this time and admits that the welfare of the minor child is best served by her remaining with the grandparents. She, however, insists upon her right to have the child in her possession at such place as she may see fit, at stated intervals.

The grandparents testified that they were caring for the child because of their interest in her and in the realization that neither Esther Hawes nor their son, Richard Hawes, are proper persons or have the proper facilities for the child's care and welfare. For this reason they are willing that the mother shall at reasonable times have the right of visitation at the Hunt home, but represent that the family antagonisms and the mother's facilities for the care of the child are such as would make for confusion and unrest in the child's mind were the right to custody divided. One grandparent, Guy E. Hunt, stated that if the child could not be raised and cared for in an environment which will minimize the responsibility and concern of himself and wife, he would prefer that other arrangements would be made for the child's care.

In Commonwealth ex rel. McDonald v. Smith, 170 Superior Ct. 254, the court recognized the harm that comes to a young child in being shuttled back and forth between the parents and grandparents of the child who are unfriendly and even antagonistic, one to the other. Here that situation was at the time of hearing made very apparent and were the matter one with respect to the right of custody only and the mother was the one to whom custody should be granted, the right of visitation by the grandparents would be refused. However, all parties being in accord that the child's interest and welfare dictate that she remain with her grandparents, the rule of law above recited concerning visitation must be applied even though it affects adversely the wishes of the mother.

We therefore are required to hold that the mother may visit her child at such times and under such circumstances as are satisfactory to the grandparents. At the time of hearing, it was indicated that the right of visitation to the mother at the grandparents' home on alternate Saturday afternoons, between the hours of

2 and 4 o'clock, would be satisfactory. We will make our order accordingly.

And now, to wit, March 19, 1953, the custody of Judy Hawes shall continue to be in Guy E. Hunt and wife, paternal grandparents, in accordance with our order of April 5, 1952. The mother shall have the right to visit the child at the home of the grandparents on alternate Saturday afternoons between the hours of 2 and 4 o'clock.

It is further ordered that this writ shall stand over as a pending writ, subject always to such further order as may hereafter be adjudged by the court to be right and proper in relation to the custody of the minor.

Relator shall pay the costs of this proceeding.